# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF OHIO BRICKLAYERS HEALTH AND WELFARE FUND, et al., | ) ) ) ) | CASE NO. 5:22-cv-1818 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION AND ORDER** |
| CROWE CONSTRUCTION, INC., et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion for default judgment (as supplemented) filed by plaintiffs Trustees of Ohio Bricklayers Health and Welfare Fund, Trustees of Ohio Bricklayers Apprenticeship, Education, and Training Trust Fund, Trustees of the Bricklayers and Allied Craftworkers Local No. 7 Pension Fund (collectively, "Funds") and Local 7 Bricklayers and Allied Craftworkers Union ("Local 7") (collectively, "plaintiffs"). (Doc. Nos. 13 & 15.) As set forth herein, the motion is granted.

## I. Procedural Background

On October 10, 2022, plaintiffs brought this action (by and through their trustees) against Crowe Construction Inc. ("Crowe Construction"), Douglas Crowe, and Jeanne Crowe (collectively, "defendants"), seeking injunctive relief and money damages under Section 301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 409(a), 502(a)(3), (e), (f), & (g), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1106 (a), (b), 1109, 1132(a)(3), (e), (f), & (g), and 1145. (Doc. No. 1, Complaint ¶¶ 1, 3, 37.) The Funds are multi-employer plans under Section

3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents. (*Id*. ¶ 2.) Local 7 is a labor organization within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5). (*Id*. ¶ 2; Doc. No. 13-1, Declaration of Eryka Stamatakos,[1] ¶ 1.)

On February 10, 2023, the defendants having failed to plead or otherwise defend, the clerk entered default against each of them.[2] (Doc. No. 12.)

Plaintiffs now move for default judgment against the defendants. (Doc. No. 13.) The motion was served on all defendants by first class mail at their addresses of record (*id*., at 6[3]), yet no defendant has appeared to oppose the motion.

## II.   Discussion

### A.   Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the "'factual allegations of the complaint, *except those relating to the amount of damages*, will be taken as true.'" *New London Tobacco Market, Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022) (emphasis added by

---

[1] Eryka Stamatakos is the Plan Manager at Benesys, Inc., which collects contributions for the Funds and Local 7. (Doc. No. 13-1 ¶ 1.)

[2] The docket reflects that service by the Clerk by certified mail to each of the defendants was returned unexecuted on December 5, 13, and 14, 2022, because each mailing was "unclaimed." (*See* Doc. Nos. 4–6.) Upon plaintiffs' request, the Clerk then served the defendants by ordinary mail sent on December 15, 2022. (*See* Doc. Nos. 7, 8.) There is no indication on the docket that any such mail was returned as undeliverable. Under Fed. R. Civ. P. 12(a)(1)(A) and 6(a) and (d), defendants would have had 24 days from perfection of service to file a responsive pleading. Because the 24th day fell on a Sunday, January 8, 2023, the deadline would extend, under Rule 6(a)(1)(C), to January 9, 2023. No responsive pleading was filed.

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

*New London Tobacco Market, Inc.*) (quoting 10A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure Civil* § 2688.1 (4th ed. 2022) (further citations omitted)).

"[T]he civil rules require that the party moving for a default judgment must present some evidence of its damages." *IBEW Loc. Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (internal quotation marks and citation omitted). Fed. R. Civ. P. 55(b)(2) permits, but does not require, this Court to conduct an evidentiary hearing to determine damages; a court may rely on sworn declarations or affidavits "to provide the necessary evidentiary basis" for damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (holding that the district court's reliance on plaintiff's sworn declaration to provide the necessary evidentiary basis for damages was not an abuse of discretion); *see also Pope v. United States*, 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.")

Under ERISA, where a fiduciary successfully brings an action on behalf of a plan to collect delinquent contributions, reasonable attorney's fees and costs of the action must be awarded to the plan. 29 U.S.C. § 1132(g)(2)(D); *Foltice v. Guardsman Prods., Inc.*, 98 F.3d 933, 936 (6th Cir. 1996 (holding that "the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan[]"). The Court must determine what is reasonable by using the "lodestar" approach, which examines the number of hours reasonably spent multiplied by a reasonable hourly rate. *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (citing *Hensley v. Eckhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The

party seeking fees bears the burden of establishing entitlement to the amount claimed for the work performed based on billing records and rates charged. *Gonter v. Hunt Valve Co., Inc*., 510 F.3d 610, 617 (6th Cir. 2007); *see Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

### B.    Discussion

Defendant Crowe Construction is a signatory to the Special State of Ohio Masonry Industry Agreement ("Ohio Agreement") that requires Crowe Construction to abide by the wage and benefit provisions set forth in local union collective bargaining agreements ("CBAs") in geographic areas throughout Ohio. (Doc. No. 1 ¶ 9;[4] Doc. No. 13-1 ¶ 2.) Defendants Douglas Crowe and Jeanne Crowe were the owners and/or managing agents of Crowe Construction at all times relevant to this matter. (Doc. No. 1 ¶ 6; Doc. No. 13-2, Declaration of Noah Carmichael,[5] ¶ 7.) As the principal officers of Crowe Construction, Douglas Crowe and Jeanne Crowe were fiduciaries under ERISA and had the authority to obligate Crowe Construction and to make decisions on its behalf with regard to spending money. (Doc. No. 1 ¶ 6; Doc. No. 13-2 ¶¶ 8–10.)

The relevant agreements and plan documents require Crowe Construction to pay fringe benefit contributions to the Funds and dues to the local unions with respect to all employees performing covered work in the jurisdictions of the local unions. (Doc. No. 1 ¶¶ 10–11; Doc. No. 13-1 ¶¶ 3–4.) The plan documents permit the Funds to levy delinquency assessments against an employer such as Crowe Construction that fails to pay contributions in a timely manner. (Doc.

---

[4] Copies of the Ohio Agreement and the relevant CBAs are attached to the complaint.

[5] Noah Carmichael served as the Field Representative and Secretary/Treasurer for Local 7 from July 2013 to May 31, 2022. (Doc. No. 13-2 ¶ 1.) In that capacity, he represented Local 7 in CBA negotiations with signatory employers, including Crowe Construction. (*Id*. ¶ 2.) In the course of his duties on behalf of Local 7, he dealt only with Douglas and Jeanne Crowe. (*Id*. ¶ 6.)

No. 1 ¶ 18; Doc. No. 13-1 ¶ 3.) Crowe Construction performed work in the jurisdiction of the local unions covered by the Ohio Agreement but failed to pay contributions to the Funds and dues to Local 7 in a timely manner for the months of March, May, June, August, and December of 2018, all in violation of the collective bargaining agreements and plan documents. (Doc. No. 1 ¶ 11; Doc. No. 13-1 ¶ 4.) Crowe Construction made some payments on the unpaid contributions and dues but still owes $10,837.00 in contributions to the Funds and $2,429.39 in dues to Local 7 for the months in question. (Doc. No. 13-1 ¶ 5.)

In addition, pursuant to Local 7 CBAs, plan documents, and relevant delinquency procedures, Crowe Construction is required to pay interest (calculated at the rate of 1% per month until all contributions are paid), liquidated damages (calculated at the rate of 10% of the total amount due) for delinquent contributions, and reasonable attorneys' fees and costs, including audit fees and costs, incurred in collecting liquidated damages and interest. (Doc. No. 1 ¶ 18; Doc. No. 13-1 ¶¶ 7, 9.) As evinced by the declaration of Eryka Stamatakos, Crowe Construction owes liquidated damages and interest in the amount of $36,908.98 for contributions made in an untimely manner for June 2020, September 2021 through February 2022, and June 2022 through September 2022. (Doc. No. 13-1 ¶¶ 6, 8.) Further, the Funds and Local 7 incurred $3,804.17 in audit fees and expenses. (*Id*. ¶ 10.)

Finally, according to the declaration of lead counsel, Joyce Goldstein (Doc. No. 15-1), which is well-supported by individual resumes from each of the three attorneys who assisted with this case (*see* Doc. No. 15-3, Resume of Richard Stoper; Doc. No. 15-4, Resume of Kristin Watson; Doc. No. 15-5, Resume of Lane Hagar), as well as by itemized time records (*see* Doc. No. 15-6),[6]

---

[6] Goldstein's declaration is also accompanied by the declaration of Paul E. Stoehr, an attorney since 2007, with a practice concentrated in representation of ERISA employee benefit plans, who attests that the hourly rate of $250.00

counsel collectively performed 28.7 hours of legal work billed at a rate of $250/hour. Counsel has billed for $7,175.00 in fees and $402.00 in court costs, for a total of $7,577.00 in fees and costs, which, under the lodestar method, the Court finds reasonable and will award.

In their roles with Crowe Construction, Douglas Crowe and Jeanne Crowe were fiduciaries under ERISA, 29 U.S.C. § 1002(21)(A)(i), and the Funds' plan documents; they owed fiduciary duties to the Funds and their participants. (Doc. No. 1 ¶ 31; Doc. No. 13-2 ¶¶ 8–10.) Douglas Crowe and Jeanne Crowe chose to pay other creditors rather than paying money Crowe Construction owed to Local 7 and the Funds during the relevant time periods. (Doc. No. 1 ¶ 32; Doc. No. 13-2 ¶ 11.) Therefore, Douglas Crowe and Jeanne Crowe breached their fiduciary duties with respect to the Funds and Local 7 and are personally liable for the losses resulting from such breaches. 29 U.S.C. § 1109(a). Even further, Douglas Crowe and Jeanne Crowe also permitted the diversion or lending of employer contributions from the Funds in their own interests, and for the benefit of a party in interest, Crowe Construction. (Doc. No. 1 ¶ 37.) Thus, Douglas Crowe and Jeanne Crowe permitted a prohibited transaction under ERISA in violation of Section 406(a) and (b) of ERISA, 29 U.S.C. § 1106(a) and (b).

---

charged by the attorneys in this case is reasonable inasmuch as it is at or below market rate for similar work in the federal courts in Ohio. (*See generally* Doc. No. 15-7.)

### III.     Conclusion

For the reasons set forth herein, plaintiffs' motion for default judgment (Doc. No. 13) is granted. A separate Judgment Entry will issue.


**IT IS SO ORDERED**.

Dated: July 19, 2023

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**

7